**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CUB USA SERVICES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JETTA OPERATING COMPANY,** | § | **CIVIL ACTION NO. _____** |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Cub USA Services, LLC ("Cub" or "Plaintiff") complains of Defendant Jetta Operating Company, Inc. ("Defendant" or "Jetta") for the following reasons:

### I.  THE PARTIES

1.  Plaintiff is a limited liability company with its principal place of business in Lovington, New Mexico.

2.  Defendant is a foreign for profit corporation with its principal place of business in Texas.  Defendant may be served with process by serving its registered agent, Gregory A. Bird, at 777 Taylor St., Ste. PL-D, Fort Worth, Texas 76102.

### II.  JURISDICTION AND VENUE

3.  Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Cub's claim occurred in in this Judicial District.

### III.  BACKGROUND

5.      On or about February 22, 2013, Cub and Jetta executed a document entitled "Master Service Contract" (the "Contract").   Over a period of several months, Cub provided various services to Jetta pursuant to the Contract.   While Jetta initially paid for these services, it ultimately failed and refused to do so.

6.      As of this date, exclusive of interest, Jetta owes Cub the sum of $354,723.17 for unpaid services provided pursuant to the Contract (the "Work").   Indeed, Cub submitted proposals to Jetta in advance of performing the Work.   Jetta not only explicitly approved the Work before it was performed, but approved the proposed charges for it, as well.   Although Cub satisfactorily performed all the Work, Jetta refused to pay for it.

7.      Additionally, Jetta's failure and refusal to pay the amounts owed under the Contract has been devastating to Cub's business.   As Jetta was aware, Cub incurred substantial debts to third parties on its own credit, along with related charges, in order to provide the services Jetta requested and approved.   Because Jetta has refused to pay Cub, it, in turn, has been unable to pay its obligations to these third-parties, which effectively has rendered Cub incapable of operating its normal business activities.   These damages to Cub were foreseeable and are directly traceable to Jetta's wrongful breach of the Contract and result from it.

## IV.  CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

8.      Jetta has failed to acknowledge and pay to Cub the amount to which is entitled under the Contract for the Work.  Its failure to do so constitutes a breach of contract, for which Jetta now sues.

9.      All conditions precedent to assert this claim have been performed, have occurred, or have been excused.

### COUNT II
### SUIT ON ACCOUNT

10.     Cub provided services for Jetta on an open account.  Jetta has not paid the amounts due and owing for all such services.  The amount due—$354,723.17, exclusive of interest—is just and true, inasmuch as the charges made by Cub are usual, customary, or reasonable.  Further, all lawful offsets, payments and credits have been allowed and applied against the amount due.

11.     All conditions precedent to assert this claim have been performed, have occurred, or have been excused.

### COUNT III
### ATTORNEYS' FEES, COSTS AND INTEREST

12.     Pursuant to applicable law, including, but not limited to, Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiff hereby sues Defendant for costs of court, and reasonable and necessary attorneys' fees.  Further, Plaintiff seeks both pre-judgment and post-judgment interest as provided by law.

13.     All conditions precedent to assert this claim have been performed, have occurred, or have been excused, including but not limited to presentment.

## COUNT IV
## UNJUST ENRICHMENT

14.     Alternatively, Cub has provided services requested by Jetta, but has not been paid for them.   Jetta has accepted the benefits of those services, with full knowledge that Cub expected to be paid for them.   Because Cub had no obligation to provide free services to Jetta, allowing Jetta to benefit for the services but fail to pay for them would result in a loss to Cub and unjust enrichment to Jetta.

15.     Accordingly, Cub is entitled to payment for the services it provided, plus any applicable interest, to remedy this unjust enrichment.   All conditions precedent to assert this claim have been performed, have occurred, or have been excused.

## COUNT V
## PROMISSORY ESTOPPEL

16.     Alternatively, Cub substantially relied to its detriment on Jetta's promise that it would pay for the services provided, and this reliance was foreseeable by Jetta.

17.     Accordingly, Cub is entitled to be restored to the position in which it would have been, had it not acted in reliance upon Jetta's promise.   All conditions precedent to assert this claim have been performed, have occurred, or have been excused.

## COUNT VI
## QUANTUM MERUIT

18.     Alternatively, Cub rendered valuable services to Jetta.   Jetta accepted this benefit and has used and continues to use and enjoy the benefits of those services.    Under the circumstances, Jetta clearly was reasonably notified that Cub expected Jetta to pay for the services as it from the beginning of the relationship.

19.     Accordingly, at a minimum, Cub is entitled to the reasonable value of the services it provided to Jetta.  All conditions precedent to assert this claim have been performed, have occurred, or have been excused.

## JURY DEMAND

20.     As is its right under the constitutions and laws of the United States and this State, Plaintiff hereby respectfully requests a trial by jury.

WHEREFORE, Plaintiff respectfully requests that it have judgment against Defendant, consistent with its allegations in this pleading, and that it recover its costs, attorneys' fees, pre and post-judgment interest, special and consequential damages, and such other and further relief at law or in equity to which it may be entitled.

Respectfully submitted,

s/ Bobby M. Rubarts
Bobby M. Rubarts
State Bar No. 17360330
bobby.rubarts@koningrubarts.com
Brent E. Basden
State Bar No. 24047828
brent.basden@koningrubarts.com

**KONING RUBARTS LLP**
1700 Pacific Avenue, Suite 1890
Dallas, Texas  75201
214-751-7900
214-751-7888 – fax

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

THE STATE OF NEW MEXICO     §
                            §
COUNTY OF LEA               §

On this day personally appeared Ruben Gonzalo, who being duly sworn, deposed and said that he is an authorized representative of Cub USA Services, LLC, that he has read the foregoing Plaintiff's Original Complaint, and the facts stated in paragraphs 5-7 and 10-11, are true and correct, based upon personal knowledge and information in documents.

_____
President of Cub USA Services, LLC

SUBSCRIBED AND SWORN to before me on this 7th day of July, 2014.



_____
Notary Public in and for the State of New Mexico

[SEAL OF OFFICE]

OFFICIAL SEAL
**Jessica Garcia**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 8-4-14