IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CUB USA SERVICES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2508-D |
| VS. § | |
| § | |
| JETTA OPERATING COMPANY, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Cub USA Services, LLC ("Cub USA")—an oilfield services company—provided water disposal and other services to defendant Jetta Operating Company, Inc. ("Jetta")—an oil and gas operating company—under a Master Service Contract ("Contract"). Cub USA alleges that Jetta has failed to pay for certain of these services, and it sues to recover on claims for breach of contract, suit on account, unjust enrichment, promissory estoppel, and quantum meruit, and for attorney's fees, costs, and interest. Cub USA moves for partial summary judgment (primarily addressing its claims for breach of contract, suit on account, and attorney's fees, costs, and prejudgment interest). Cub USA contends that it is entitled to partial summary judgment establishing that Jetta is liable for liquidated contract damages of approximately of $355,598.03, attorney's fees of $81,721.00, costs of $751.21, and statutory prejudgment interest. Cub USA maintains that Jetta is liable for the subset of invoiced charges that it expressly accepted and approved pursuant to the Contract. The court

denies the motion.[1]

Because Cub USA is moving for summary judgment on claims on which it will have the burden of proof at trial, it "must establish 'beyond peradventure all of the essential elements of the claim[s].'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Cub USA must demonstrate that there are no genuine and material fact disputes, and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "Th[is] court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

It is apparent from the court's study of the parties' summary judgment submissions that there are genuine issues of material fact,[2] and that Cub USA has not met its heavy

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] "When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

burden.³  Accordingly, Cub USA's February 18, 2015 motion for partial summary judgment is denied.

**SO ORDERED**.

May 8, 2015.

                                              _____
                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE

---

³Jetta objects to parts of the declaration of Ruben Gonzalo.  Even if the court considers the parts to which Jetta objects, the court concludes that Cub USA has not met the heavy beyond peradventure standard.

- 3 -