IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CUB USA SERVICES, LLC,              §
                                    §
                    Plaintiff,      §
                                    §   Civil Action No. 3:14-CV-2508-D
VS.                                 §
                                    §
JETTA OPERATING COMPANY, INC.,      §
                                    §
                    Defendant.      §

MEMORANDUM OPINION
AND ORDER

Defendant Jetta Operating Company, Inc. ("Jetta") objects to the magistrate judge's October 22, 2015 order granting the September 23, 2015 motion of plaintiff Cub USA Services, LLC ("Cub USA") to compel production of documents (as modified, in part, by the parties on the record during the hearing on the motion). The court overrules Jetta's objections and affirms the magistrate judge's order.[1]

Jetta and Cub USA disagree about which party has the burden concerning Cub USA's motion to compel. The magistrate judge recognized that "there is a split in this division" concerning whether the party seeking production or the party opposing it has the burden on the issues of relevance, over-breadth, burden, and oppression. Hrg. Tr. 4. In fact, in *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475 (N.D. Tex. 2005), Judge Lynn held that the magistrate

_____

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

judge "did not commit an error of law in assigning Defendant the burden of proving, in the first instance, that Plaintiffs' discovery requests were irrelevant." *Id.* at 477.  In *Abraham v. Alpha Chi Omega*, 271 F.R.D 556 (N.D. Tex. 2010), Judge Furgeson held that "[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Id.* at 559 (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).  The burden shifts to the party resisting discovery "[o]nce the moving party establishes that the request is within the scope of permissible discovery." *Id.* (citing *Spiegelberg Mfg., Inc. v. Hancock*, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.)).  The magistrate judge opted in this case to follow *Merrill*.  Hrg. Tr. 4.

Without suggesting that the court will in a future case adopt *Merrill* as the controlling standard, it will follow *Merrill* in this case.  Although decisions of other judges of this court are not binding as the "law of the district," the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.).  *Merrill* predates *Export Worldwide*, and *Export Worldwide* neither cites *Merrill* nor makes any effort to explain why it is incorrect regarding the assignment of the burden.  Additionally, *Export Worldwide* relies in part on *Spiegelberg*, and the undersigned—albeit in the context of a motion for protective order—has declined to follow *Spiegelberg*.  *See Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 1372479, at *2

(N.D. Tex. Apr. 7, 2010) (Fitzwater, C.J.) (granting objection and vacating protective order where magistrate judge relied on his *Spiegelberg* decision to place burden on party seeking discovery—and opposing motion for protective order—to show that deposition appeared reasonably calculated to lead to the discovery of admissible evidence).[2]

Because the magistrate judge did not err as a matter of law in placing the burden on Jetta, the question becomes whether she abused her discretion in any respect. "Except as to issues of law that are reviewed *de novo*, district judges do not sit as second-tier decisionmakers concerning discovery matters referred to the magistrate judge." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.). "And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." *Id.* "'[A] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev., B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation marks omitted)).

---

[2]It is clear from the reasoning of *Staton* that its rejection of the *Spiegelberg* approach was specifically tied to the review of a magistrate judge order granting a motion for protective order. *See Staton*, 2010 WL 1372479, at *2 (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), for proposition that Fed. R. Civ. P. 26(c)'s requirement of showing of good cause to support issuance of protective order indicated that burden was on movant to show necessity for protective order). The court is citing *Staton*, however, as further support for the decision to defer to *Merrill* over *Export Worldwide*, which relies in part on *Spiegelberg*.

Jetta has not demonstrated that the magistrate judge abused her discretion in granting

Cub USA's motion to compel production of documents (as modified, in part, by the parties

on the record during the hearing on the motion).  Accordingly, the court overrules Jetta's

objections, affirms the order, and lifts the stay entered on November 10, 2015.  Jetta must

produce the responsive documents no later than February 8, 2016.

**SO ORDERED**.

January 7, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE