IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUB USA SERVICES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-2508-D |
| VS. | § | |
| | § | |
| JETTA OPERATING COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Cub USA Services, LLC ("Cub USA")—an oilfield services company—provided water hauling services to defendant Jetta Operating Company, Inc. ("Jetta")—an oil and gas operating company—under a Master Service Contract ("Contract"). Cub USA alleges that Jetta has failed to pay for certain of these services, and it sues to recover on claims for breach of contract, suit on account, unjust enrichment, promissory estoppel, fraud, negligent misrepresentation, and quantum meruit, and for attorney's fees, costs, and interest. Jetta moves for summary judgment on Cub USA's claims, and for leave to file an amended answer. For the reasons that follow, the court denies both motions.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

The court first addresses Jetta's motion for summary judgment. Because Jetta will not have the burden of proof at trial on Cub USA's claims, it can meet its summary judgment obligation by pointing to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, Cub USA must go beyond its pleadings and designate specific facts showing that there is a genuine issue for trial on each claim. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Cub USA's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Cub USA's failure to produce proof as to any essential element renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Cub USA fails to meet this burden. *Little*, 37 F.3d at 1076.

Jetta has pointed to the absence of evidence of essential elements as to each of Cub USA's claims. Because Jetta has pointed to the absence of evidence to support essential elements of each of Cub USA's claims, Club USA is obligated to produce evidence that would permit a reasonable jury to find in its favor. Cub USA has satisfied this obligation. Cub USA has produced evidence in the form of testimony of Ruben Gonzalo, its owner, Mercedes Gonzalo, its bookkeeper, and Tiffany Caranza, its outside accountant, emails between representatives of Jetta and representatives of Cub USA, and the Contract. Cub USA has pointed to evidence that creates a genuine issue of material fact on at least one

essential element of each of its claims.[2]

Jetta also moves for summary judgment on its affirmative defenses of offset and estoppel—issues on which it will bear the burden of proof at trial. To be entitled to summary judgment on these issues, Jetta must satisfy the heavy "beyond peradventure" standard. *See, e.g., Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (standing standard); *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (stating that "beyond peradventure" standard is "heavy"). It is apparent from the court's study of the parties' summary judgment submissions that there are genuine issues of material fact, and that Jetta has not met its heavy burden.

The court denies Jetta's motion for summary judgment.

II

The court next turns to Jetta's motion for leave to file an amended answer.

A

Fed. R. Civ. P. 16(b)(3)(A) provides that the court's "scheduling order must limit the time to . . . amend the pleadings[.]" When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine under the

---

[2]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

good cause standard of Rule 16(b)(4) whether to modify the scheduling order. *See, e.g., S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet this standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." *See S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite its diligence, it could not reasonably have met the scheduling deadline. *See S & W Enters.*, 315 F.3d at 535; *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters.*, 315 F.3d at 535).

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).[3] When applying this multi-factor test, the court usually denies motions to amend the scheduling order when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline. *See, e.g., Serv. Temps.*, 2009 WL 3294863, at *3 (stating that court "remember[ed] at all times that the good cause inquiry focuse[d] on the diligence of the party seeking to modify the scheduling order," and finding that movant had failed to satisfy good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay,

---

[3]Jetta mentions Rule 16(b)(4) in its motion, but it does not address the four factors. "When a party files an untimely motion . . . and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard but the grounds on which it relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test.").

and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

B

Jetta seeks leave to file an amended answer asserting as a defense the excessiveness of Cub USA's revised demand[4] in its November 9, 2015 letter: that Jetta owes $274,752.27 plus attorney's fees and consequential damages. According to Jetta, it could not have asserted an excessive demand defense before receiving the November 9, 2015 letter. Cub USA responds that the deadline for seeking leave to amend pleadings—July 1, 2015, as set forth in the court's April 6, 2015 scheduling order—has elapsed, and that Jetta has not shown good cause for its untimely amendment. Cub USA points out that it demanded a higher amount owed in its March 4, 2014 letter ($579,236.60) than in the November 9, 2015 letter ($274,752.27). Accordingly, Cub USA argues that if Jetta wished to assert an excessive demand defense, it should have done so after receiving the initial demand on March 4, 2014. In reply, Jetta argues that it could not have timely asserted an excessive demand defense because Cub USA sought attorney's fees for the first time in its November 9, 2015 letter, and, accordingly, good cause exists for Jetta's amendment.

Jetta has not established good cause for its failure to assert an excessive demand defense before the July 1, 2015 deadline for seeking leave to amend pleadings; that is, Jetta has failed to demonstrate that, despite its diligence, it could not have reasonably met the

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 38.002.

scheduling deadline. Although Cub USA included its request for attorney's fees and consequential damages in the November 9, 2015 letter and not in the March 4, 2014 letter, it sought both forms of relief in its amended complaint filed August 11, 2015. Jetta knew at that time that Cub USA sought $579,236.60, attorney's fees, and consequential damages, but did not assert an excessive demand defense in its amended answer to Cub USA's amended complaint, filed August 25, 2015. In addition, Cub USA's statement of the amount owed by Jetta is lower in the November 9, 2015 letter than in the March 4, 2014 letter. Jetta did not assert an excessive defense to the higher demand in the March 4, 2014 letter, and it has not shown good cause to assert it against the lower demand in the November 9, 2015 letter.

\* \* \*

Accordingly, the court denies Jetta's motions for summary judgment and for leave to file an amended answer.

**SO ORDERED**.

March 15, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE